UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| DWIGHT DAVID MASSEY, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | CV420-138 |
| WARDEN EDWARD PHILBIN, | ) ) | |
| Respondent. | ) ) | |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Dwight David Massey filed this 28 U.S.C. § 2254 petition challenging 2008 or 2009 convictions. *See* doc. 1 at 3. He asserted four grounds for relief; (1) that his conviction was obtained using a coerced confession, (2) that evidence used to convict him was obtained "pursuant to an unconstitutional search and seizure," (3) that evidence used to convict him was obtained from an unconstitutional arrest, and (4) that his conviction violated the Constitution's prohibition on double jeopardy. *Id.* at 6. He alleged a complicated procedural history in state courts. *See id.* at 3-4. The Respondent moved to dismiss on the grounds that Massey's Petition is untimely. *See* doc. 9. Massey responded in opposition. Doc. 11. For the reasons explained below, Respondent's

Motion should be **GRANTED**. Doc. 9. Massey's Petition should, therefore, be **DISMISSED** as untimely. Doc. 1.

Under the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), federal habeas petitions brought under 28 U.S.C. § 2254 are subject to a one-year statute of limitations. 28 U.S.C. §2244(d)(1). The limitations period is calculated from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). That clock is stopped only by the pendency of a properly filed state collateral review proceeding. 28 U.S.C. § 2244(d)(2); *Rich v. Sec'y for Dep't of Corr.*, 512 F. App'x 981, 982-83 (11th Cir. 2013); *Nesbitt v. Danforth*, 2014 WL 61236 at *1 (S.D. Ga. Jan. 7, 2014) ("28 U.S.C. § 2244(d)(1)'s one-year clock ticks so long as the petitioner does not have a direct appeal or collateral proceeding in play."). Hence, sitting on any claim and creating time gaps between proceedings can be fatal. *Kearse v. Sec'y, Fla. Dep't of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013); *Nesbitt*, 2014 WL 61236 at *1. Once the one-year clock runs out, it cannot be restarted or reversed merely by filing a new state court or federal action. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state post-conviction motion filed after

expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); *Nowill v. Barrow*, 2013 WL 504626 at *1 n. 3 (S.D. Ga. Feb. 8, 2013); *Dixon v. Hart*, 2013 WL 2385197 at *3 (S.D. Ga. May 21, 2013); *Nesbitt*, 2014 WL 61236 at *1.

Under § 2244(d)(1)(A), a judgment of conviction becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). Massey's 2009 conviction was affirmed on direct appeal on September 23, 2010.[1]

---

[1] Massey's response to the Respondent's Motion does not dispute the procedural history it discusses. *See generally* doc. 11. Instead, as discussed more fully below, it alleges that various procedural and substantive defects in his prosecution invalidated the entire proceeding. *See id.* at 1 ("Petitioner states that the United States have a Constitution therefore any judicial proceedings that follow after an unconstitutional arrest, also was unconstitutional, and a legal right sought in this action for relief."). His contentions in that response focus exclusively on events that occurred prior to his conviction. *See generally id.* He alleges that the misconduct by various prosecutors and judges persisted between his arrest in 2007 and his sentencing in 2009. *See, e.g.,* doc. 11 at 5 ("Magistrate Court and Superior Court out of premeditation in Chatham County Courthouse continue to violate Petitioner rights for personal reasons, continuing to use fruit of the poisonous tree for over two years from April 11, 2007 thru May 8, 2009."). He submitted documents, all of which relate to events that occurred prior to his conviction. *See generally* docs. 12 & 12-1. Finally, he filed a document captioned "Supplemental Claim," which objects to "defects" in the exhibits that Respondent attached to his Motion. *See* doc. 13 at 1. His only substantive objection to the exhibits, however, concerns a notation on the indictment he contends is "added." *Id.* at 2. The substance of his argument, again, concerns events that occurred during his prosecution. *See id.* at 3 (objecting to "suppression of the primary evidence the only eye witness . . ."). As with his prior filing, the documents attached all relate to his prosecution and do not dispute any of the post-conviction procedural history relied upon by Respondent in his Motion. The Court, therefore, considers the Respondent's recitation of the post-conviction procedural history undisputed.

3

*See* doc. 9-1 at 1 (citing *Massey v. State*, 702 S.E. 2d 34 (Ga. Ct. App. 2010)). His petition for certiorari to the Georgia Supreme Court was dismissed as untimely.[2] *Id.*; *see also* doc. 10-6 (Georgia Supreme Court Order dismissing as untimely petition for certiorari in *Massey v. State*, S13C1106 (Ga. Sept. 9, 2013)). Respondent argues that, because his petition for certiorari was not filed within the time provided by the Georgia Supreme Court's rules, Massey's conviction became final when that period expired twenty days after the Court of Appeals affirmed his conviction. *See* doc. 9-1 at 4 (citing Ga. Sup. Ct. R. 38(2)). Respondent is correct. *See Phillips v. Warden,* 908 F.3d 667, 672 (11th Cir. 2018)

---

[2] It is not clear when Massey filed his untimely petition for certiorari. Since it is untimely, however, it is irrelevant to § 2244(d)'s limitations period. *See, e.g., Washington v. Caldwell*, 2014 WL 895444, at *1 (S.D. Ga. Mar. 6, 2014) ("[A] direct appeal . . . 'that is untimely under state law is not 'properly filed' for purposes of tolling AEDPA's limitations period.'" (quoting *Gorby v. McNeil*, 530 F.3d 1363, 1367 (11th Cir. 2008)); *see also Randle v. Crawford*, 604 F.3d 1047, 1054-55 (9th Cir. 2010), *cert. denied* 562 U.S. 969 (2010) (rejecting petitioner's argument that state supreme court's dismissal of appeal "as untimely did not constitute the 'conclusion of direct review' pursuant to section 2244(d)(1)(A)."); *Young v. Jones*, 2016 WEL 6306113, at *2 (M.D. Ala. Aug. 31, 2016) (discounting direct appeal that was dismissed as untimely in calculating finality under § 2244(d)); *Burrell v. Price*, 2016 WL 3919632, at *5 (S.D. Ala. June 16, 2016) ("The record reflects that [Petitioner] attempted to file a direct appeal; however, it was dismissed as untimely, [cit.]; thus it had no tolling effect." (citations omitted)). As the Ninth Circuit explained, "[i]f the one-year limitations period were made contingent on the resolution of a petitioner's attempt to file an untimely notice of appeal, a petitioner could indefinitely delay the commencement of the one-year period by simply waiting to file such notice until after the normal expiration date. Sanctioning this procedure would undermine the statute of limitations for federal habeas petitioner." *Randle*, 604 F.3d at 1055.

(finding "[p]ursuant to the plain language of § 2244(d)(1)(A), Petitioner's conviction . . . became final for purposes of AEDPA's limitations period when the time expired for him to submit a certiorari petition to the Georgia Supreme Court . . . ."); *Scott v. Smith*, 2022 WL 5027928, at *2 (M.D. Ga. June 21, 2022). His conviction became final, therefore, on October 13, 2010. *See* doc. 9-1 at 4. The one-year clock ran out on October 13, 2011.

Respondent states that Massey filed a state habeas petition on August 23, 2012. *See* doc. 9-1 at 4. That petition "stands dismissed by operation of law pursuant to O.C.G.A. §§ 9-2-60 and 9-11-41(e) . . . ." *Id.* at 5. Although Massey's 2012 petition *might* have tolled the statute of limitations on his federal petition for an indiscernible period,[3] the statute

---

[3] The Georgia statutes that Respondent cites provide that an action "in which no written order is taken for a period of five years shall automatically stand dismissed . . . ." O.C.G.A. §§ 9-2-60(b), 9-11-41(e). Assuming that the filing of the state petition could have tolled the one-year period, the application of the Georgia statutes suggest that the clock would have begun to run again five years after the last order in that proceeding, which Respondent asserts entered on December 28, 2012 granting a "continuance." *See* doc. 9-1 at 5. Massey's Petition alleges that the continuance was granted on December 3, 2012. Doc. 1 at 4. The Petition identifies what might be an appeal of his state habeas petition, doc. 1 at 4 (referring to an "Extraordinary Motion Petition for Certiorari"), but the Respondent does not discuss that filing, *see generally* doc. 9-1. The Court has not found any authority applying the automatic dismissal statutes Respondent cites in the context of statutory tolling under § 2244(d)(2). However, "federal law requires examination of state law to determine when [a state action for post-conviction relief] is pending, or, more to the point, precisely when it

of limitations had already run out more than ten months before the state petition was filed. *See, e.g., Webster*, 199 F.3d at 1259. His Petition is, therefore, untimely.

Massey's untimely petition "may still be timely if the petitioner is entitled to equitable tolling." *Aureoles v. Sec'y, D.O.C.*, 609 F. App'x 623, 624 (11th Cir. 2015) (*citing Damren v. Florida*, 776 F.3d 816, 821 (11th Cir. 2015)). "A petitioner is entitled to equitable tolling if he can demonstrate that: (1) he has pursued his rights diligently; and (2) an extraordinary circumstance prevented him from filing a timely petition." *Id.*; *see also Holland v. Florida*, 560 U.S. 631, 649 (2010). "[E]quitable tolling is an extraordinary remedy limited to rare and exceptional circumstances and typically applied sparingly." *Cadet v. Florida Dept. of Corrs.*, 853 F.3d 1216, 1221 (11th Cir. 2017) (internal quotation marks

---

stops pending." *Cromartie v. Warden, Ga. Diagnostic & Classification Prison*, 2014 WL 7384132, at *3 (M.D. Ga. Dec. 29, 2014) (citing *Day v. McDonough*, 547 U.S. 198, 203 (2006)). It appears, therefore, that Massey's state petition was dismissed in 2017 and the one-year clock would have restarted, if it had not already run out. Several additional years passed before Massey filed this Petition. *See* doc. 1 (filed in 2020).

It is also unclear, both from the Petition and Respondent's Motion, whether any of the grounds asserted in the Petition have been effectively exhausted. *See, e.g., Lindsey v. Meyers*, 2022 WL 950882, at *8 (S.D. Ga. Mar. 4, 2022) (explaining exhaustion requires appeal of habeas claims to Georgia Supreme Court). Since Respondent is correct that the one-year clock ran out before Massey's state habeas petition was filed in 2012, the exact procedural history after that point is moot.

6

and citation omitted). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner. [Cit.] Mere conclusory allegations are insufficient to raise the issue of equitable tolling." *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011); *see also, e.g., Vahlkamp v. Sec'y, DOC*, 2022 WL 17752230, at *2 (11th Cir. Dec. 19, 2022).

None of the allegations and arguments in Massey's Petition, his response to Respondent's Motion, or his "supplement," discuss any events that occurred after his conviction. *See generally* docs. 1, 11, 12 & 13. Massey has, therefore, failed to even implicate the possibility that he was prevented from timely filing his Petition by extraordinary circumstances or that he exercised reasonable diligence in pursuing his rights, particularly during the relevant period between the Court of Appeals' affirmance of his conviction and the filing of his state habeas petition. There is, therefore, no basis to find he is entitled to equitable tolling.

Liberally construing Massey's filings, the Court might consider his various objections to his prosecution, including his allegation that the indictment against him was "void," *see* doc. 11 at 4, as asserting that he is "actually innocent." An otherwise untimely § 2254 petition may be

7

considered if a petitioner can demonstrate that a fundamental miscarriage of justice has occurred; that is where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986) (internal quotes omitted)). The actual innocence exception "is exceedingly narrow in scope," and, to invoke it, the petitioner must (1) present new reliable evidence that was not presented at trial, and (2) show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt in light of the new evidence. *Rozzelle v. Sec'y, Fla. Dept. of Corrs.*, 672 F.3d 1000, 1011 (11th Cir. 2012) (internal quotation marks, alterations, and citation omitted); *see also McQuiggin*, 569 U.S. at 394-95 ("The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows that it is more likely than not that no reasonable juror would have convicted the petitioner." (internal quotation marks, alteration, and citation omitted). "For purposes of this miscarriage-of-justice-exception, 'actual innocence' means factual innocence, not mere legal insufficiency." *Bembo v. Sec'y*

*Dept. of Corrs.*, 2017 WL 5070197, at *2 (11th Cir. Mar. 30, 2017) (citing *McKay v. United States*, 657 F.3d 1190, 1197 (11th Cir. 2011)).

Massey fails to allege any fact supporting an assertion of actual innocence. First, even assuming that there were some fatal defect in the indictment,[4] this Court has recognized that "novel legal arguments" concerning an indictment's validity are not sufficient to implicate the "factual innocence" required to avoid the time bar. *See Howard v. Dozier*, 2018 WL 3785453, at *8 (S.D. Ga. Aug. 9, 2018). Other courts have similarly recognized that the argument "that the federal limitations period does not apply to deficient-indictment or void sentence claims," is "incorrect." *Belsar v. Shepard*, 2016 WL 3675562, at *2 (N.D. Ga. June 8, 2016) (citing, *inter alia.*, *Jones-Bey v. Alabama*, 2014 WL 1233826, at *2 (N.D. Ala. March 25, 2014)). Second, Massey does not present any *new evidence*; he merely argues various defects in the evidence relied upon in his conviction. "Evidence is only 'new evidence' if it was unavailable at trial and could not have been discovered earlier through the exercise of due diligence." *Whitaker v. Ward*, 2021 WL 5742538, at *2 (S.D. Ga. Dec.

---

[4] Massey's allegations concerning defects in the indictment are not entirely clear. *See* doc. 11 at 4-5. The substance of his allegations concern the sufficiency of evidence and warrants. *See id.* at 5-6.

9

2, 2021). None of Massey's filings identify any evidence discovered after his trial, much less any that could not have been discovered at that time. Any assertion of the actual-innocence exception to the time bar is, therefore, unavailing.

Accordingly, the Respondent's Motion to Dismiss should be **GRANTED**. Doc. 9. Massey's Petition should be **DISMISSED** as untimely. Doc. 1. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). Any motion for leave to appeal *in forma pauperis* therefore is moot.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy

on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 6th day of January, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA