IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

DWIGHT DAVID MASSEY, )
 )
    Petitioner, )
 )
v. ) CASE NO. CV420-138
 )
WARDEN EDWARD PHILBIN, )
 )
    Respondent. )
 )

## O R D E R

Before the Court is the Magistrate Judge's January 6, 2023, Report and Recommendation (Doc. 14), to which Petitioner Dwight David Massey has filed an objection (Doc. 15). After a careful review of the record,[1] Petitioner's objections (Doc. 15) are **OVERRULED,** and the report and recommendation (Doc. 14) is **ADOPTED** as the Court's opinion in this case.

Respondent moved to dismiss Petitioner's 28 U.S.C. § 2254 petition as untimely. (Doc. 9.) The Magistrate Judge recommended that Respondent's motion be granted, as the one-year statute of limitations for him to file a federal habeas petition ran out on

---

[1] The Court reviews de novo a magistrate judge's findings to which a party objects, and the Court reviews for clear error the portions of a report and recommendation to which a party does not object. 28 U.S.C. § 636(b)(1); see Merchant v. Nationwide Recovery Serv., Inc., 440 F. Supp. 3d 1369, 1371 (N.D. Ga. 2020) (outlining the standard of review for report and recommendations (citing Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam))).

October 13, 2011. (Doc. 14 at 5.) The Magistrate Judge also concluded that Petitioner asserted no meritorious basis for equitable tolling or "actual innocence." (Id. at 6-10.) Petitioner does not explicitly object to any portion of the Magistrate Judge's analysis. (See generally Doc. 15.) Instead, he refers to the Chief Justice of the Georgia Supreme Court's order declaring a state-wide judicial emergency due to the COVID-19 pandemic, which tolled state statutes of limitations. (See id. at 1-2.) That order could not, however, affect the statute of limitations under federal law. See 28 U.S.C. § 2244(d). Moreover, as this Court has recognized, the tolling order "does not reset [a] period of limitation," even under state law. Kennedy v. S. Univ., No. 4:21-cv-172, 2022 WL 628541, at *5 (S.D. Ga. Mar. 3, 2022) (internal quotation marks and citation omitted). Even assuming some tangential relevance to Petitioner's petition, therefore, the judicial emergency order could not conceivably affect the limitations period which expired in 2011. Petitioner's objections are, therefore, **OVERRULED**. (Doc. 15.)

In summary, Petitioner does not dispute the Magistrate Judge's calculation of the date upon which his state-court judgment became final or the date upon which § 2244(d)'s one-year clock expired. His petition is, therefore, untimely. Neither his original petition, as the Magistrate Judge concluded, nor his objection, as discussed above, allege any fact sufficient to avoid

2

the time bar. Accordingly, Respondent's motion to dismiss is **GRANTED** (Doc. 9), and Petitioner's 28 U.S.C. § 2254 petition is **DISMISSED** (Doc. 1).

Applying the Certificate of Appealability (COA) standards set forth in Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant"). The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 23rd day of February 2023.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA